WOLF, Judge.
Bootz appeals from a final summary judgment entered in favor of the defendant/appellee, Crown Leisure Corporation. The trial court entered a summary judgment finding that: (1) As a matter of law, the plaintiff was precluded from recovering for her injuries as a result of assumption of risk, and (2) that the uncontroverted facts failed to establish any alleged permanent injury proximately caused by the conduct of the defendant. We find these rulings to be in error and reverse.
The plaintiff/appellant, Diane Bootz, a 34-year-old woman, attended Pappa’s Lounge (owned by Crown Leisure Corporation) three to four times a week between September 1984, and September 1986. On each of these occasions, loud dance music was being played. Upon leaving Pappa’s, the appellant would always have ringing in her ears, but after sleeping through the night, the ringing would disappear.
On Saturday, September 14, 1986, appellant went to Pappa’s with her sister and several friends. About 1:00 a.m., Bootz entered the dance floor to dance to a song entitled “Hey Bartender.” During the song, the disc jockey turned the volume of the music up on the words “hey bartender.” While dancing in front of a loudspeaker, Bootz stated that she felt a sudden sharp pain in her left ear. The appellant immediately left the lounge with her ear ringing. When the ringing persisted for over a week, Bootz sought medical attention.
The disc jockey testified at deposition that he would periodically check the noise level, that the decibel level was usually 95 to 105, and that “just about all clubs play it that way just because that is what people go for.” He did not check the decibel level during the song “Hey Bartender.”
Ms. Bootz reported that her hearing was perfect before the incident at Pappa’s Lounge. Dr. Castelli found a hearing loss in her left ear consistent with noise exposures. The doctor testified that repeated incidents of loud music over a period of time was a contributing cause to her tinnitus. Dr. Ramesh also examined and treated Ms. Bootz, and said that it was possible that dancing in front of a loud speaker which was blaring loud music could be a cause of tinnitus. Dr. Schwaber also examined Ms. Bootz and found her to be suffering from a high frequency loss in her left ear and tinnitus.
The trial judge ruled that the appellant’s claim was precluded by the doctrine of assumption of risk, finding that Bootz fully appreciated and assumed the risk of exposure to loud music. The trial judge, however, did not have the benefit of the supreme court’s ruling in Mazzeo v. City of Sebastian, 550 So.2d 1113 (Fla.1989), at the time she entered summary judgment.
In Mazzeo, the supreme court held that the plaintiff’s foolhardy behavior of diving into four feet of water did not constitute an express assumption of risk which would *844 preclude recovery.[1] The court found that Mazzeo’s unreasonable conduct constituted secondary assumption of risk which did not preclude recovery by the plaintiff, but rather should be evaluated by a jury under principles of comparative negligence. Id. at 1117.
As in Mazzeo, the conduct of the plaintiff in the instant case may be determined to be unreasonable, but it cannot be said that Bootz returned to the lounge with the express intention of injuring herself. In light of Mazzeo, the jury should have had the opportunity to evaluate the claim under the principles of comparative negligence.
Further, the evidence of the causal relationship between the loud music and the appellant’s tinnitus was sufficient to preclude summary judgment and require that the question be submitted to the jury. Atkins v. Humes, 110 So.2d 663 (Fla.1959).
Reversed and remanded.
WIGGINTON and MINER, JJ., concur.

. The court held that the defense of express assumption of risk was only available in situations where the plaintiff expressly agrees in writing to absolve the defendant of liability, and where the plaintiff knowingly and voluntarily participates in a contact sport.